UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES GRANT,
    Petitioner,

vs.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-878

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Belmont Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Hamilton County, Ohio convictions and sentence in case number B-9702360-A. This matter is before the Court on the petition, respondent's return of writ, and petitioner's reply. (Docs. 3, 6, 8).

## I. PROCEDURAL HISTORY

On October 8, 1997, following a jury trial in Hamilton County, Ohio, petitioner was found guilty of four counts of involuntary manslaughter, one count of aggravated burglary, two counts of aggravated robbery, and three counts of kidnapping, all with accompanying gun specifications. (*See* Doc. 5, Ex. 1). Petitioner was sentenced to ten years for the merged counts of involuntary manslaughter, three years on the gun specifications, and ten years each on the remaining charges, resulting in a total aggregate sentence of seventy-three years. (*Id.*).

On March 23, 2001, the Ohio Court of Appeals affirmed the judgment of the trial court as to the findings of guilt, but reversed the sentence and remanded the case so that the trial court could resentence petitioner on all counts (excluding the firearm specifications) and merge the kidnapping and aggravated robbery counts. *See Grant v. Warden*, Case No. 1:03-cv-896 (S.D. Ohio Dec. 19, 2003) (Weber, J; Black, M.J.) (Doc. 20 at PageID 124).

Petitioner appealed the Ohio appellate court decision to the Ohio Supreme Court. On July 25, 2001, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (*Id.* at PageID 125).

### Resentencing and Appeal

On August 27, 2001, the trial court resentenced petitioner to a total aggregate prison sentence of fifty-three (53) years. The trial court merged, for the purposes of sentencing, the kidnapping and aggravated robbery counts and imposed maximum consecutive sentences on the remaining counts. (*Id.*).

Petitioner, through counsel, filed a notice of appeal to the Ohio Court of Appeals from the resentencing, raising the following two assignments of error:

1. The trial court erred in imposing maximum consecutive sentences.

2. The judge had an unsubstantiated bias against Appellant which rendered the sentence unfair.

(*Id.*). On June 5, 2002, the Ohio appellate court overruled both assignments of error. (*Id.*).

Petitioner, through counsel, filed a notice of appeal to the Ohio Supreme Court on July 18, 2002, raising the same two assignments of error as propositions of law. (*Id.*). On October 2, 2002, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (*Id.* at PageID 126).

### First Federal Habeas Corpus Petition

On December 19, 2003, petitioner filed a pro se petition for a writ of habeas corpus in this Court. (*See* Doc. 5, Ex. 1). Petitioner raised the following eight grounds for relief:

2

**Ground One**: Appellant's consecutive, maximum sentences are illegal.

Supporting Facts: The applicant in this case is not a repeat offender in an aggravated nature, nor was his crime the "worst" form of the offense. According to testimony of state's witness Appellant stated "Not to shoot anyone." Therefore lacking intent. Thus, the court violated Fourteenth Amendment right to Due Process by imposing maximum and consecutive sentences.

**Ground Two**: The sentence imposed should have been consolidated as allied offenses of similar import.

Supporting Facts: Because of the nature of the crime and the individual circumstances of the case, in order to complete the robbery, it was necessary to secure the victims and goes "hand in hand" with the robbery. And thus, did not require separate animus, one could not be accomplished without the other. Therefore, court violated Appellant's right to procedural due process in their finding of separate animus, giving the appellant multiple sentences.

**Ground Three**: The prosecutor engaged in prosecutorial misconduct which rendered the trial inherently unfair.

Supporting Facts: The Appellant's Fourteenth Amendment rights were violated where the prosecutor held 'valuable' evidence of impeachment, inconsistent statement's (sic) by state witnesses, until the first day of the trial, in violation of Brady v. Maryland, and the duty to disclose all material exculpatory evidence. This contributed to counsel's "unpreparedness", trial counsel could not defend against any evidence so withheld. Further, Prosecutor expressed his/her personal opinion as to the guilt or innocence of the accused which is inappropriate, leading and unconstitutional.

**Ground Four**: Convictions are against the manifest weight of the evidence.

Supporting Facts: Because of the allied offenses of similar import, the appellant contends his innocence of the kidnapping charge and denies involvement in use of fear or intimidation. Therefore the trial court erred in finding of guilt.

**Ground Five**: The trial court committed reversible error in not requiring exclusion of prosecution witness testimony.

Supporting Facts: The trial court dangerously erred in violating the sequestration order by allowing Steve Franklin, an upcoming state's witness, to discuss testimony with Darrick Fraser (sic), a witness who had just completed his

testimony, thereby denying Appellant his Sixth and Fourteenth Amendment right to a fair trial free from prejudice.

**Ground Six**: The court erred in requiring the closure of the courtroom and surrounding areas.

Supporting Facts: It is the appellant's Sixth Amendment right to a public trial, and the trial court erred by denying this right for no logical or apparent reason.

**Ground Seven**: The trial court erred in not suppressing the coerced statements of the Appellant.

Supporting Facts: It has long been established that a coerced statement is considered involuntary and must be suppressed, and should not stand. The court erred in the admission of statements which were coerced from the appellant in violation of his Fifth Amendment right.

**Ground Eight**: The trial court judge had an unsubstantiated bias against the appellant which rendered the sentence unfair.

Supporting Facts: Inappropriate comments by the trial judge in reference to the (sic) were biased and prejudicial to appellant and were outside of the required statutory findings, denying the appellant fair and impartial treatment through all proceedings.

(*Id.* at PageID 139–40). On September 24, 2007, this Court denied the petition, finding that petitioner's grounds for relief were waived or without merit. (*See id.*).

## Post-Conviction Proceedings

On June 30, 2008, petitioner filed a pro se motion for relief from judgment in the state trial court. Petitioner sought relief from judgment on two counts of aggravated robbery, which he argued were not properly charged in the indictment. (Doc. 5, Ex. 5). On July 2, 2008, the trial court overruled petitioner's motion. Petitioner did not appeal the entry.

On February 15, 2012, petitioner filed a motion to correct void sentence, challenging his 2001 sentencing on the basis that the trial court failed to merge counts as allied offenses of

4

similar import. (Doc. 5, Ex. 7). On February 22, 2012, the trial court denied the motion. (Doc. 5, Ex. 8). Petitioner filed a notice of appeal and motion for a delayed appeal to the Ohio Court of Appeals, which was granted by the appellate court. (Doc. 5, Ex. 10, 11). Petitioner raised the following two assignments of error in his merit brief:

1. The trial court abused its discretion and plainly erred to the prejudice of appellant, when failing to correct the multiple punishments for allied offenses of similar import, contrary to statutory sentencing guidelines.

   Issue presented for review: The Ohio Supreme Court interpretation of R.C. 2941.25 is an intervening change of law requiring retrospective application to the facts in the case.

2. The trial court abused its discretion and plainly erred to the prejudice of appellant when imposing the inconsistent sentence contrary to statutory sentencing guidelines.

   Issue presented for review: The sentence imposed upon Appellant should be the same as that in Fears pursuant to R.C. 2929.11(B) respective to counts five through twelve of the indictment.

(Doc. 5, Ex. 12). On August 7, 2013, the Ohio Court of Appeals affirmed, as modified, the trial court's February 22, 2012 denial of his motion to correct void judgment. The appeals court determined that because the post-conviction motion was filed well after the expiration of the time prescribed by Ohio Rev. Code § 2953.21(A)(2), the trial court was without jurisdiction to entertain the motion on the merits and the motion was subject to dismissal. (Doc. 5, Ex. 15).

On September 12, 2013, petitioner filed a timely pro se notice of appeal and jurisdictional memorandum to the Ohio Supreme Court. (Doc. 5, Ex. 16, 17). In his memorandum in support of jurisdiction, petitioner presented the following single proposition of law:

   Proposition of Law No. I: The intervening decision clarifying the proper application of R.C. 2941.25 required the inferior courts to retrospectively merge the allied offenses of similar import raised as a collateral challenge in this case.

5

(Doc. 5, Ex. 18). On December 24, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 5, Ex. 19).

## Federal Habeas Corpus Petition

Petitioner commenced the instant federal habeas corpus action on November 14, 2014.

Petitioner raises the following two grounds for relief:

> **Ground One**: The sentences imposed should have been consolidated as allied offenses of similar import pursuant to O.R.C. 2941.25(A). Therefore, the sentences imposed are void. The Common Pleas Court and Appellate Courts lacked any authority to act and were without jurisdiction to uphold an unlawful conviction. Violating Petitioner's Ohio and United States Constitutional Rights to be free from Double Jeopardy, Rights to Due Process and Equal Protection of the Laws.
>
> Supporting facts: The sentence imposed upon Petitioner at the re-sentencing hearing held on August 27, 2001 after a remand by the First Dist. Ct. App. Decided on March 23, 2001 with instructions to conduct an analysis for determining allied offenses of similar import pursuant to ORC 2941.25 (A) are void. Re-sentencing was held contrary to law with plain error as sentences contained multiple sentences for allied offenses that should have been merged pursuant to statute.
>
> The Ohio Supreme Court has long recognized, and continues to "reaffirm[]" the "vital principle" that "[n]o court has the authority to impose a sentence that is contrary to law." And it has "consistently" held that a sentence imposed without statutory authority is "void."
>
> **Ground Two**: The Trial Court should have accepted Petitioner's Motion to Correct Void Sentences in order to correct and apply State v. Johnson retroactively. Failure to recognize the Johnson analysis in favor of the Petitioner violates his rights to Equal Protection of the Law and Due Process of the laws protected by both the Ohio and United States Constitutions.
>
> Supporting facts: In Ohio, when our Supreme Court makes a decision that simply defines the actions of a statute which, changes the ways in which the lower Courts had been applying the statute, then the decision from which a new analysis is defined is to be held retroactively. In the case sub judice, the Ohio Court's are

>failing to recognize State v. Johnson, 128 Ohio St.3d 153, 2010 Ohio 6314, 942
>N.E.2d 1061, as being retroactive in its applications.

(Doc. 3 at PageID 78–79).

Respondent has filed a return of writ in response to the petition. According to respondent, the petition is time barred or successive within the meaning of 28 U.S.C. § 2244(b). (Doc. 6). Petitioner has also filed a reply in opposition to the return of writ. (Doc. 8).

## II.     THE PETITION SHOULD BE TRANSFERRED TO THE SIXTH CIRCUIT

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the

prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner's grounds for relief were procedurally defaulted in the state courts, the dismissal qualifies as a decision "on the

8

merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[1]

  The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). Although the *Magwood* Court expressly declined to address whether the petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application, *see id.* at 342 (emphasis in original), the Sixth Circuit has held that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), *reversing*, No. 1:12cv2000, 2013

---

[1] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

WL 5531365 (N.D. Ohio Sept. 26, 2013); *see also In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).[2]

This case is distinguishable from *King, In re Stansell* and *Magwood*. Here, it is clear from the face of the petition that petitioner is attacking the same conviction and prison sentence that he challenged in his prior federal habeas petition and that has remained in effect since petitioner was resentenced on August 27, 2001. It is also clear that no "new judgment" has been entered by the state courts in the proceedings on petitioner's motion to correct void sentence filed by petitioner on February 15, 2012, after the adjudication of petitioner's prior habeas petition. In contrast to *King, In re Stansell* and *Magwood*, which involved changes in the petitioner's sentence that occurred between habeas proceedings, petitioner's motion to correct void sentence was *denied* without any changes made to petitioner's original sentence. Therefore, this case does not involve any intervening "new judgment" that falls within the exception recognized in *King, In re Stansell* and *Magwood* for bypassing the requirements governing

---

[2] It is noted that in an unpublished decision filed after *King*, but before *In re Stansell*, the Sixth Circuit pointed out that *King* "did not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new 'judgment' within the meaning of *Magwood*." *Askew v. Bradshaw*, 636 F. App'x 342, 348 (6th Cir. 2016). In so emphasizing, the court stated: "Indeed, in *In re Mackey*, No. 13-3072 (6th Cir. June 26, 2014), we held in an unpublished order that an Ohio court's reopening of a petitioner's sentence merely to enter post-release conditions of control was a simple 'correct[ion] [of] a technical error' that did not save the petitioner's subsequent second-in-time habeas application from the requirements of 28 U.S.C. § 2244(b)." *Id*. *Askew* was recently undercut by the Sixth Circuit in *In re Stansell* to the extent that the Sixth Circuit expressly rejected the State's arguments that "only a full resentencing results in a new judgment" and that amendments to post-release control are merely "ministerial change[s]" or "technical correction[s]" that "do not alter the substance of [the petitioner's] sentence and thus do[] not create a new judgment." *In re Stansell*, 828 F.3d at 417. In the later published decision, the Sixth Circuit held that even in cases where a sentence is only partially vacated and remanded for resentencing for the sole purpose of adding a term of post-release control, the change in sentence is a new judgment that does not implicate successive-petition concerns. *See id*. at 418. In so ruling, however, the court emphasized that "we do not imply that *any* change to a petitioner's sentence reopens the door to successive habeas filings; we hold only that a partial resentencing that results in the imposition of post-release control is the *type* of change that creates a new judgment for purposes of the second or successive bar." *Id*. at 419 (emphasis in original).

10

second or successive petitions that is set forth in 28 U.S.C. § 2244(b).

In this case, the undersigned concludes that petitioner's pro se petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition was adjudicated on the merits and petitioner is not contesting any "new judgment" in this proceeding. Petitioner's first ground for relief was presented in petitioner's prior habeas corpus petition and, therefore, falls within the category of successive claims that may be dismissed under § 2244(b)(1). To the extent that petitioner raises a new claim in his second ground for relief, the claim is successive under § 2244(b)(2) because (1) petitioner has not shown the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (2) that the factual basis for the new claim could not have been discovered previously through the exercise of due diligence, **and** is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offenses. Therefore, petitioner has not satisfied the jurisdictional standards set forth in § 2244(b), which would permit this Court to review the instant petition.

Petitioner may contend that his second claim for relief is not successive to the extent that the state court's refusal to grant his motion to correct void sentences and thus is asserting a claim that was not available when the prior habeas petition was adjudicated. However, such a claim does not constitute a cognizable ground for federal habeas relief. The federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-

68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Moreover, "the writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings, . . . which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration." *See, e.g., Dickey v. Warden, Lebanon Corr. Inst.,* No. 1:08cv819, 2010 WL 92510, at *1, *10 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.) (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986); *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Alley v. Bell*, 307 F.3d 380, 386-87 (6th Cir. 2002)). Any error by the state courts in ruling on petitioner's post-conviction motion, which was filed over eleven years after his April 27, 2001 resentencing, does not implicate constitutional concerns and, in any event, involves a "collateral matter" that falls outside the scope of federal habeas review. *Cf. id.* (involving claims of error that allegedly occurred on appeal from the denial of the petitioner's post-sentence motion to withdraw his guilty plea); *Brown v. Warden, Lake Erie Corr. Inst.*, No. 1:11cv2765, 2014 WL 132367, at *1, *17-18 (N.D. Ohio Jan. 14, 2014) (and cases cited therein) (involving claim challenging the denial of a motion for new trial based on new evidence without a hearing).[3]

Accordingly, in sum, because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of

---

[3] Similarly, to the extent that petitioner may argue that his claim was not ripe at the time of the first petition because it predated the Ohio Supreme Court's decision in *State v. Johnson*, 128 Ohio St. 3d 108 (Ohio 2010), his position is unavailing. See *Keeling v. Warden*, Case No. 1:08-cv-231, 2015 WL 11854550, at *4 (S.D. Ohio Oct. 30, 2015) (Litkovitz, M.J.) (Report and Recommendation), adopted, 2016 WL 4447783 (S.D. Ohio Aug. 24, 2016) (Barrett, J.) (finding that "courts have uniformly concluded that claims based on a subsequent change in the law do not pose ripeness concerns and instead require authorization from the circuit courts before they may be raised in a second federal habeas petition."). See also *Sheppard v. Warden*, Case No. 1:15-cv-543, 2016 WL 4471679, at *3 (S.D. Ohio Feb. 5, 2016) (Report and Recommendation) (Bowman, M.J.), adopted, 2016 WL4449565 (S.D. Ohio Aug. 24, 2016) (Barrett, J.) (adopting reasoning of Keeling).

prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.). Therefore, it is **RECOMMENDED** that the petition be transferred to the Sixth Circuit for review and determination whether this Court should be granted authorization to entertain it.

## IT IS THEREFORE RECOMMENDED THAT:

Petitioner's *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 be transferred to the Sixth Circuit as a successive petition within the meaning of 28 U.S.C. § 2244(b).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES GRANT,  
    Petitioner,

vs.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-878

Barrett, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

14